# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MARK WAYNE FARRINGTON,
          *Defendant-Appellant.*

No. 02-4509

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-436)

Submitted: December 16, 2002

Decided: March 28, 2003

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mark Wayne Farrington appeals his conviction and sentence for possession of a firearm after felony conviction under 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Farrington was convicted following a jury trial and was sentenced to forty-one months of imprisonment to be followed by a three-year term of supervised release. On appeal, Farrington contends that the district court abused its discretion in denying his motion for a mistrial and upwardly departing from criminal history category IV to V under *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2000). Finding no error, we affirm.

Farrington argues that the district court should have granted his motion for a mistrial based upon the cumulative effect of three prejudicial errors that occurred during the trial. We review a district court's denial of a motion for a mistrial for an abuse of discretion. *United States v. West*, 877 F.2d 281, 287-88 (4th Cir. 1989). A defendant must show prejudice for the district court's ruling to constitute an abuse of discretion. *Id*. at 288.

First, Farrington argues that he was prejudiced when the Government's case agent reacted facially to what he perceived as incorrect testimony by Farrington. Because Farrington did not object at trial, this claim is reviewed for plain error. Under the plain error standard, Farrington must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted). We have reviewed the record and conclude that even if there was plain error here it would not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* Accordingly, we decline to notice any error.

Farrington also claims that he was prejudiced by Officer Simmons' testimony regarding Simmons' actions when he first saw Farrington. On direct examination, the Government asked Officer Simmons, "Now, what did you do after you drove past him?" Officer Simmons responded, "I went up to the end of the road and turned around to come back. I was attempting to call for some back-up, just for my safety." Farrington argues that Officer Simmons' testimony prejudiced him because the jury was left with the impression that he was dangerous. We find that any prejudice with regard to Officer Simmons' testimony was cured. The district court instructed the Government to rephrase the question to make clear that Officer Simmons called over the radio in accordance with standard procedures when an officer makes a vehicle stop, and the Government complied.

Farrington further contends that he was prejudiced when the Government, on cross-examination, inquired whether Farrington had ever been convicted of trafficking in cocaine. We conclude that any prejudice was cured by the district court's cautionary instructions to the jury. *See West*, 877 F.2d at 288. The district court did not admit evidence of Farrington's drug trafficking conviction and instructed the jury to disregard the question immediately after it was asked. Furthermore, the district court denied Farrington's motion for a mistrial only after polling the jury regarding its ability to disregard the question.

We further reject Farrington's cumulative error argument. Cumulative error analysis applies when there are two or more actual errors. It does not apply to the cumulative effect of non-errors. *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). Because the district court did not err, cumulative error review does not apply.

Farrington also challenges his sentence, claiming that the district court abused its discretion in upwardly departing from criminal history category IV to V pursuant to USSG § 4A1.3, p.s. We review a district court's decision to depart from the guideline range for an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100 (1996). A sentencing court is encouraged to depart upward when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit further crimes. *See* USSG § 4A1.3, p.s. In determining whether a defendant's criminal history is underrepresented, a court

may consider an outdated conviction that was not taken into account in calculating the criminal history score, but only if the outdated conviction involves similar, or serious dissimilar, criminal conduct. *See* USSG § 4A1.2, comment. (n. 8).

Farrington relies on *United States v. Rusher*, 966 F.2d 868 (4th Cir. 1992), to argue that a departure was not appropriate in this case because his outdated convictions did not "'evince some significantly unusual penchant for serious criminality'" sufficient to remove him from the heartland of other offenders. *Rusher*, 966 F.2d at 882 (quoting *United States v. Aymelek*, 926 F.2d 64, 73 (1st Cir. 1991)). Farrington notes that he was a youth when he committed many of his crimes. He also points to the fact that he was only twenty-five years old when he committed the last offense not counted in the criminal history, and that he had no arrests after being released from prison in 1996 until his arrest and conviction for shoplifting in 2000. Farrington further argues that possession of a firearm after felony conviction is a status crime and is not the type of behavior that is beyond the heartland of the guidelines because he did not use the firearm in furtherance of any criminal activities.

We have reviewed the record and conclude that the district court's decision to upwardly depart was not an abuse of discretion. After considering Farrington's prior outdated convictions, including some for serious crimes, the district court found that recidivism was present and that there was a likelihood of continued recidivism. Furthermore, one prior conviction for common law robbery involved the use of a firearm. Thus, Farrington's outdated convictions included sufficiently serious offenses the district court properly considered in concluding that Farrington's criminal history was underrepresented in the criminal history calculation.

Accordingly, we affirm Farrington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*